UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-14166-CIV-ROSENBERG/MAYNARD

JOSEPH J. THOMAS,

    Plaintiff,

v.

NORTHWESTERN MUTUAL LIFE INS. CO.,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO COMPEL (DE 45)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion and Response, this Court finds as follows:

1.    The Plaintiff is suing the Defendant insurance company claiming entitlement to disability benefits under a policy he has with it. The Plaintiff claims back pain from an injury event that occurred on April 28, 2017. This lawsuit raises questions about whether the Plaintiff is wholly or partially disabled; the extent to which he continued to work after the injury event; and how much that continued work activity affects the amount of the disability benefit.

2.    The Plaintiff is a dentist. The Plaintiff proffered a billing code document that shows ongoing dental services that were provided at his dentistry practice during the relevant two-year time period after the injury date. The area of inquiry

underlying the present discovery dispute is how much of that work activity the Plaintiff performed and how much was done by dentist colleagues---volunteers and paid contractors---on his behalf. That is the subject of the Defendant's Requests for Production Nos. 2—4 and 7—9 and Interrogatory Nos. 2, 3, 5 & 6.

3.    The Plaintiff did identify the volunteer and paid contractor dentists who helped cover his practice and the dates that each rendered those services. However the Plaintiff provided no further details about exactly what dental services each provided. Consequently the Plaintiff leaves undocumented what services he, himself, provided and what services other dentists provided on his behalf. Moreover the Plaintiff produced no information about his solicitation of volunteer dentists and the terms under which dentists agreed to volunteer at his practice. The Plaintiff explains that he simply lacks any of those details. All services were billed under his name, and his record keeping system simply does not specify who provided any particular service. Nor does he remember any such details. To reconstruct that information would be overly burdensome for him to do. The Plaintiff asserts that he has produced all responsive information based on available records.

4.    The Defendant is unsatisfied with the Plaintiff's answer and explanation. The Defendant therefore seeks to compel

him to produce responsive information by having him undertake whatever document reconstruction and research effort is necessary to find it. Whether the Defendant states a persuasive case for compelling the Plaintiff to undertake that extra effort this Court need not decide, however. That is because there simply is no time left to carry out such an undertaking. The deadline for filing dispositive motions is February 28, 2019. Therefore the answers and explanations that the Plaintiff has given to-date in response to the area of inquiry shall stand as is. That is, that the Plaintiff in conjunction with several others did continue to provide dental services after his injury date but that the Plaintiff is unable to document how much of that ongoing work activity the others did on his behalf.

5.   This Court also denies the Motion on procedural grounds. To begin with, this Court notes that the discovery deadline that the District Court imposed was December 17, 2018. The Defendant sent the subject discovery requests to the Plaintiff on November 9, 2018. Pursuant to Rules 33(b)(2) and 34(b)(2)(A), Fed.R.Civ.P., the Plaintiff had 30 days---or until Monday, December 10, 2018---to answer them. The Plaintiff did not do so by that deadline. The Defendant therefore had 30 days- --or until January 9, 2019---to seek judicial relief for the overdue discovery. See Local Rule 26.1(g)(1).

6.    It was on December 20, 2018 when the Plaintiff answered the discovery requests. If that date is used as the starting point, the Defendant had until Monday, January 21, 2019 to seek judicial relief to compel satisfactory answers. However it was not until February 4, 2019 when the Defendant filed his Motion. Consequently, even if the Defendant filed the Motion before the new overall discovery deadline of February 21, 2019 (to which the parties extended by mutual agreement), it still was filed after the Local Rule 26.1 deadline.

It is therefore,

**ORDERED AND ADJUDGED** that Motion to Compel (DE 45) is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this ___13th___ day of February, 2019.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE