UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:18-CV-14166-ROSENBERG/MAYNARD

JOSEPH J. THOMAS,

    Plaintiff,

v.

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE

**THIS CAUSE** comes before the Court upon Defendant's Motion in Limine [DE 65]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted in part and denied in part.

Defendant first requests for the Court to exclude all of Plaintiff's disclosed experts, as none of them prepared expert reports. In response, Plaintiff concedes that his experts did not prepare expert reports as required by Rule 26. Plaintiff takes the position that his "expert witnesses were not retained or employed to provide expert testimony in this case." As a result, Defendant's Motion is granted as to this request and Plaintiff's disclosed experts who did not file expert reports are excluded from testifying at trial as experts. Because Plaintiff represents that his expert witnesses are treating physicians, however, this ruling by the Court does not preclude Plaintiff's experts from testifying as fact witnesses.

Relatedly, Defendant requests that the Court exclude all testimony from Plaintiff's treating physicians on the basis of relevance. That request is denied without prejudice for the parties to

present argument on this issue at trial in the context of the evidence at trial and in the context of the parties' pretrial stipulation. The Court will be in a better position at trial to gauge the relevance of any testimony by Plaintiff's treating physicians.

Defendant requests that the Court exclude evidence of Plaintiff's proof of disability and Plaintiff's proof of lost income that arose after Plaintiff filed suit. Defendant's position is that (1) it is being sued for breach of contract, (2) its alleged breach is the failure to pay benefits, and (3) case law establishes that Plaintiff's right to recovery is limited to the date Plaintiff filed this action. For support, Defendant cites to *Aetna Life Insurance Company v. Smith*, 345 So. 2d 784, 787 (Fla. Dist. Ct. App. 1977), and *Aetna* supports Defendant's proposition:

> A substantial number of jurisdictions have adopted the view that the right of action based upon an insurer's failure to pay periodic indemnity or benefits is limited to the installments which have accrued at the institution of the action. This rule has been followed in Florida.

Stated differently, cases such as *Aetna* stand for the proposition that Plaintiff can only recover for benefits up to the date he filed this suit. Defendant therefore reasons that it cannot be found to have breached a contract in March of 2018 (finding that Plaintiff was not totally disabled) based upon evidence of Plaintiff's total disability that was generated subsequent to that date, and the Court can see no reason to disagree. In response, Plaintiff provides no case law and no legal argument (utilizing only a single paragraph to respond), nor has Plaintiff moved to amend his complaint to bring an additional, later-in-time, breach of contract claim.[1] The Court therefore grants Defendant's request insofar as Plaintiff may not introduce at trial evidence of his disability or his loss of income that arose after March 28, 2018 as Plaintiff has not proffered any legal authority that such evidence is admissible.

---

[1] The amended pleadings deadline in this case was August 24, 2018.

Finally, Defendant requests that the Court exclude evidence pertaining to Defendant's "bad faith" denial of Plaintiff's claim or its "claim handling process." Defendant's request is grounded in the fact that all of Plaintiff's bad faith counts were previously dismissed by this Court. DE 22. In response, Plaintiff states that he is "not attempting to introduce evidence of bad faith." DE 69 at 4. The Court therefore grants Defendant's Motion insofar as Plaintiff may not introduce evidence of Defendant's bad faith. With respect to evidence of "the claim handling process," the parameters of Plaintiff's position are difficult to delineate:

> Evidence regarding how Northwestern Mutual handled Thomas's claim for disability benefits is relevant and highly probative to the issue of whether Northwestern Mutual satisfied its obligations under the Policy and provide [sic] him the appropriate amount of disability benefit. Thomas is not attempting to introduce evidence of bad faith by Northwestern Mutual in the claims handling process by propounding a "bad faith expert" as the plaintiff in *Royal Bahamian Association, Inc. v. QBE Insurance Corporation*, 745 F. Supp. 2d 1380 (S.D. Fla. 2010). However, even if the Court excludes evidence as to Northwestern Mutual's handling of his disability claim under the Policy, Thomas may use such evidence on rebuttal. *See QBE Ins. Corp.*, 745 F. Supp. 2d at 1382.

DE 69 at 4. The Court resolves this dispute by denying Defendant's Motion without prejudice on this point for Defendant to raise specific objections to specific testimony at trial.

Therefore, for all of the foregoing reasons, the Defendant's Motion in Limine [DE 65] is **GRANTED IN PART AND DENIED IN PART**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of July, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record